
FILED
MAY 02 2018

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN WAYNE LARRABEE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 1:18-CV-01013-CBK<br>1:04-CR-10004-CBK<br><br>**ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner pleaded guilty to second degree murder and was sentenced to 363 months custody. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed. United States v. Larrabee, 436 F.3d 890 (8th Cir. 2006).

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, 1:07-cv-01012-CBK. The motion was denied upon initial consideration pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court. Petitioner appealed and I denied the motion for a certificate of appealability. The United States Court of Appeals for the Eighth Circuit also denied a motion for a certificate of appealability.

Petitioner filed a motion to vacate my order denying his previous motion to vacate, ostensibly on the basis of Fed. R. Civ. P. 60(b). The motion was denied. Petitioner appealed and the Eighth Circuit summarily affirmed.

Petitioner filed a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, 1:14-cv-01005-CBK, contending that his sentence was imposed in violation of the Ex Post Facto Clause, citing the United States Supreme Court's decision in Peugh v. United States, 569 U.S. 530, 133 S.Ct. 2072, 186 L.Ed. 2d 84 (2013). That motion was denied on the merits and on the basis that petitioner had failed to obtain permission from the Eighth Circuit to file a second or successive petition. Petitioner appealed and the Eighth Circuit denied a certificate of appealability.

Petitioner has filed a third motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, contending that this Court lacked federal criminal subject matter jurisdiction over his case. Petitioner joins a plethora of federal criminal defendants who mistakenly believe that the Major Crimes Act, 18 U.S.C. § 1153, violates the 1868 Fort Laramie Treaty and the United States Supreme Court's decision in Ex Parte Crow Dog, 109 U.S. 556, 3 S.Ct. 396, 27 L.Ed. 1030 (1883).

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

In Crow Dog, the Supreme Court held that Congress had not, by any clear expression of intent, granted jurisdiction to the federal courts to exercise jurisdiction over an Indian who commits a crime against another Indian on an Indian reservation. Ex Parte Kan-gi-shun-ca (otherwise known as Crow Dog), 109 U.S. at 571-572, 3 S.Ct. at 406. In direct response, Congress enacted the Major Crimes Act of 1885, now codified at 18 U.S.C. § 1153, which conferred federal jurisdiction over crimes committed by Indians on Indians on an Indian reservation. Keeble v. United States, 412 U.S. 205, 209-211, 93 S.Ct. 1993, 1996-97, 36 L.Ed.2d 844 (1973). The Constitutionality of the Major Crimes Act was upheld in United States v. Kagama, 118 U.S. 375, 6 S.Ct. 1109, 30 L.Ed. 228 (1886). Congress has the power to abrogate the provisions of an Indian treaty, Lone Wolf v. Hitchcock, 187 U.S. 553, 566, 23 S.Ct. 216, 221, 47 L.Ed. 299 (1903), and now neither the Fort Laramie Treaty nor Ex Parte Crow Dog operate to deprive this Court of jurisdiction over the defendant for the prosecution of the offense in this case.

In any event, pursuant to 28 U.S.C. § 2255(h) and Rule 9 of the Rules Governing Section 2255 Proceedings for the United Sates District Courts, before presenting a second or successive motion to vacate, petitioner must obtain an order from the United States Court of Appeals for the Eighth Circuit authorizing the district court to consider the motion. Petitioner has failed to comply with the rules governing second or successive motions.

It plainly appears from the face of the motion that the petitioner is not entitled to relief. Summary dismissal is appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

IT IS ORDERED that petitioner's motion, Doc. 1, to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 is denied. His motion, Doc. 2, to proceed *in forma pauperis* is denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's successive § 2255 motion. No certificate of appealability will be granted.

DATED this 18st day of May, 2018.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3